UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

THOMAS SCANLON a/k/a Tom,

Defendant.

---

**DECISION AND ORDER**

1:15-CR-00142 EAW

## **INTRODUCTION**

Pending before the Court are defendant Thomas Scanlon's ("Defendant" or "Scanlon") objections (Dkt. 769) to a Report and Recommendation ("R&R") dated August 10, 2017 (Dkt. 727), recommending that this Court deny Defendant's motion to suppress three pistols seized from his home on March 22, 2016. The relevant facts are fully described in the R&R, with which familiarity is assumed, and they will not be repeated at length here.

The Court has conducted a thorough review of the R&R, the parties' filings before this Court and Magistrate Judge Roemer, and the transcript of the suppression hearing. In addition, it has considered the arguments advanced by counsel at the oral argument held before the undersigned on October 4, 2017. After a *de novo* review and for the reasons set forth below, the Court hereby accepts and adopts the R&R (Dkt. 727), overrules Scanlon's objections (Dkt. 769), and denies Scanlon's motion to suppress the three pistols seized from his residence on March 22, 2016 (Dkt. 385).

## BACKGROUND

Scanlon is charged with ten remaining defendants in ten counts of a 46-count Second Superseding Indictment that alleges various crimes, including a RICO conspiracy in violation of 18 U.S.C. § 1962(d), pertaining to the operation of the Kingsmen Motorcycle Club. (Dkt. 33). On December 7, 2016, Defendant filed a pretrial motion seeking various forms of relief, including suppression of three pistols seized from his residence in Hinsdale, New York, on March 22, 2016. (Dkt. 385 at 30-32). This Court referred resolution of that pretrial suppression motion to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) (Dkt. 35), who, after conducting a three-day evidentiary hearing and holding oral argument, recommended that this Court deny Defendant's motion to suppress (Dkt. 727).

On September 7, 2017, Scanlon filed objections to the R&R raising the following arguments: (1) the Magistrate Judge improperly shifted the burden at the suppression hearing from the Government to Scanlon; (2) the Magistrate Judge improperly found that Scanlon's wife had apparent authority to consent to the search of the firearm cabinet in the master bedroom of the Scanlon residence; and (3) the Magistrate Judge improperly held that Scanlon and his wife voluntarily consented to the search and seizure of the three pistols. (Dkt. 769). The Government filed a memorandum in opposition to the objections on September 21, 2017 (Dkt. 796), and Scanlon submitted a reply memorandum on September 28, 2017 (Dkt. 801). Oral argument was held before the undersigned on October 4, 2017 (Dkt. 807), at which time the Court reserved decision.

## **STANDARD OF REVIEW**

A district court reviews a report and recommendation to which a party has timely objected under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (requiring a district court to make de novo determinations to the extent that a party makes specific objections to a magistrate judge's findings).

The district court must give appropriate deference to the credibility determinations made by the magistrate judge who heard the witness testimony, and may reject those credibility determinations only after holding its own evidentiary hearing. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (holding that "without an evidentiary hearing, the District Court could not reject the Magistrate Judge's proposed credibility finding"); *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013) ("The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings."); *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) ("The district court, however, may not reject the magistrate judge's credibility findings without conducting an evidentiary hearing at which the district court has the opportunity to observe and evaluate witness credibility in the first instance.").

## THE BURDEN OF PROOF WAS NOT IMPERMISSIBLY SHIFTED TO DEFENDANT

The Magistrate Judge did not improperly shift the burden of proof. Because the search and seizure of the pistols were conducted without a search warrant, the Government was required to establish by a preponderance of the evidence that the search was lawful. The Magistrate Judge plainly recognized that the burden rested with the Government. (*See* Dkt. 727 at 9, 12).

Scanlon contends that Magistrate Judge Roemer improperly referenced Scanlon's and his wife's failure to testify at the suppression hearing to conclude that his wife provided consent. (Dkt. 769 at 11). Scanlon also contends that the Magistrate Judge's reference to the lack of any evidence in the record that Mrs. Scanlon objected to the search, impermissibly shifted the burden. (*Id.*). Finally, Scanlon criticizes the R&R's reference to his failure to identify any legal authority in support of his argument that the pistol permit suspension order was invalid. (*Id.* at 12). The Court addresses each of these arguments below, but as a whole, Scanlon's contentions misconstrue Magistrate Judge Roemer's findings.

The R&R did not conclude that Mrs. Scanlon consented to the search because she and Scanlon failed to testify at the hearing. Rather, the R&R cited to Captain Gregory's testimony about his interactions with Mrs. Scanlon, including her verbal consent to search and seize the firearms reflected in the pistol permit. (Dkt. 727 at 6-7). The R&R acknowledges that, in Scanlon's written declaration, he contests that his wife gave any verbal consent, but appropriately, Magistrate Judge Roemer notes that neither Scanlon nor

his wife testified at the hearing, and Scanlon was not present during his wife's interaction with Captain Gregory. (*Id.* at 7). Thus, in resolving this apparent factual dispute—between Captain Gregory's live testimony based on his personal knowledge, and Scanlon's written testimony based on events for which he was not personally present, Magistrate Judge Roemer credited Captain Gregory's version of events and concluded that Mrs. Scanlon "did in fact give Captain Gregory verbal permission to remove the defendant's pistols from the residence." (*Id.*). The Government met its burden of proof to establish the facts of this interaction between Captain Gregory and Mrs. Scanlon through Captain Gregory's testimony, and Magistrate Judge Roemer's reference to the insufficiency of competing facts that Scanlon attempted to raise through his written declaration in no way shifted the burden of proof to Scanlon.

Nor did the R&R improperly shift the burden of proof by concluding that Captain Gregory reasonably concluded that Mrs. Scanlon possessed authority to consent to the search of the firearm cabinet located in the master bedroom. (*Id.* at 10-11). Magistrate Judge Roemer recites the facts supporting the reasonableness of Captain Gregory's conclusion that Mrs. Scanlon had authority to consent to the search of the cabinet (*id.* at 11), and he notes that a rebuttable presumption applies when one spouse consents to a search of the marital residence (*id.* at 10). Magistrate Judge Roemer cites the lack of any record evidence that contradicted Captain Gregory's reasonable conclusion that Mrs. Scanlon possessed the authority to consent to the search, concluding that Defendant failed to rebut the marital presumption. (*Id.* at 11-12). Magistrate Judge Roemer also concluded that, even if that presumption did not apply, "the facts available to Captain Gregory at the

moment of the search made it reasonable for him to believe that Ms. Scanlon had authority over the firearm cabinet." (*Id.* at 12). Magistrate Judge Roemer was not, as Defendant claims, "suggesting that Mr. Scanlon should have introduced . . . evidence [that Mrs. Scanlon objected to the search]." (Dkt. 769 at 11). Rather, Magistrate Judge Roemer was simply reciting the evidence that existed (and did not exist) in the record and making findings based on the record. Contrary to Defendant's argument, the Magistrate Judge's reference to the evidence that exists and does not exist in the record, does not somehow impermissibly shift the burden of proof.

Finally, the R&R's discussion of the validity of the incomplete suspension order did not improperly shift the burden of proof to Defendant. Magistrate Judge Roemer noted that the suspension order, marked as Defendant's Exhibit F, was missing certain information, but it was signed by the issuing judge (Cattaraugus County Court Judge Ploetz) and clearly stated that "the defendant's pistol permit 'is hereby suspended,'" and it directed "'any representative of the Cattaraugus County Sheriff's Department [to] take into his possession any handguns registered thereon.'" (Dkt. 727 at 13). Magistrate Judge Roemer further noted that New York Penal Law § 400.00(11) contains no requirement that a suspension order include certain information or that it be reduced to writing. (*Id.* at 14 n.7). Citing to the fact that Defendant relied upon no contrary authority (*id.* at 13-14 ("[T]he defendant has not identified any legal authority requiring a suspension order to include certain information or that it be reduced to writing.")) does not shift the burden of proof. Again, the relevant state statute contains none of the requirements that Defendant claims were necessary, and the fact that retired Cattaraugus County Undersheriff Robert

Buchhardt testified otherwise (Dkt. 769 at 12) does not alter the legal analysis. Magistrate Judge Roemer correctly concluded that Cattaraugus County Court Judge Ploetz validly suspended Defendant's pistol permit before March 22, 2016, and therefore, Captain Gregory did not mislead Mrs. Scanlon by handing her the incomplete version of the suspension order. (Dkt. 727 at 14).

## MRS. SCANLON HAD APPARENT AUTHORITY TO CONSENT TO A SEARCH OF THE FIREARM CABINET

Defendant contends that the record does not support Magistrate Judge Roemer's conclusion that Mrs. Scanlon had apparent authority to consent to the search of the firearm cabinet. (Dkt. 769 at 13-16). This Court has reviewed the record in this case, and agrees with the conclusions set forth in the R&R that the Government met its burden to demonstrate Mrs. Scanlon's apparent authority to consent to the search. (*See* Dkt. 727 at 9-12). Mrs. Scanlon occupied the marital home with Defendant, the firearm cabinet was located with a glass front in plain view in the master bedroom that Defendant shared with his wife, Mrs. Scanlon had access to the key (which remained in the home even though Defendant was out of state), and Mrs. Scanlon physically unlocked the cabinet for Captain Gregory. Under the circumstances, as detailed further in the R&R, Captain Gregory reasonably believed that Mrs. Scanlon had authority to consent to the search of the cabinet. Contrary to Defendant's claims, Captain Gregory was not required to further question Mrs. Scanlon as to her authority because the record does not contain any ambiguity about her authority to consent to the search. *Cf. United States v. Nayyar*, 221 F. Supp. 3d 454, 464 (S.D.N.Y. 2016) (concluding that, where a wife identified a laptop as typically used by her

husband and she possessed outdated passcode, further inquiry was required before consent could be obtained from the wife, particularly given "the unusually intrusive nature of computer searches").

## **DEFENDANT AND HIS WIFE VOLUNTARILY CONSENTED TO THE SEARCHES**

Defendant also contends that the R&R incorrectly concluded that he and his wife voluntarily consented to the searches and ultimate seizure of the three pistols. (Dkt. 769 at 17-26). Defendant's objections in this regard necessarily rely, in part, on the argument that the suspension order was invalid and therefore misleading, but, as discussed above and in further detail in the R&R, Judge Ploetz legally suspended Defendant's pistol permit. The fact that some factual information was initially missing from the signed order does not alter that conclusion.

Moreover, this Court disagrees with Defendant's contention that the Government showed nothing more than acquiescence in and submission to apparent lawful authority. With respect to Mrs. Scanlon, Captain Gregory handed her the suspension order, he requested her permission to take Defendant's pistols from the residence, and she verbally granted him permission. (*See* Dkt. 631 at 67 (Captain Gregory's testifying: "I said what I'm going to do is leave the pistol permit suspension with you, and if it's okay, I'd like your permission to take the firearms out of the house. And which she verbally granted me permission.")). With respect to Defendant, Captain Gregory spoke to him by telephone and obtained his consent and cooperation to search the lockbox that contained the third pistol. (*Id.* at 68). Defendant claims that the R&R should have accounted for the "chaos

and an overwhelming law enforcement presence" (Dkt. 769 at 21) during the search. However, Magistrate Judge Roemer fully reviewed the facts on the date in question, including the team of law enforcement officers consisting of approximately twenty officers who arrived at Defendant's residence on the date in question at 6:00 AM. (Dkt. 727 at 5). The question of whether consent is obtained voluntarily is "a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). In other words, although the large law enforcement presence and circumstances of their arrival at Defendant's home is certainly one factor to consider, it is only one factor and nothing in the record suggests that it somehow vitiated the consent that Captain Gregory obtained from both Defendant and his wife. Magistrate Judge Roemer considered the totality of the circumstances, including the absence of any threats, harassment, coercion or abuse, the fact that neither Defendant or his wife were in custody, their age and background, and the cooperative nature that both displayed in helping Captain Gregory locate the pistols. This Court agrees that, considering the totality of the circumstances, Defendant and his wife both voluntarily consented to the search.

## CONCLUSION

The Court has conducted a careful review of the R&R and the record pertaining to the suppression motion, including the filings before Magistrate Judge Roemer and the transcript of the suppression hearing. Based upon its *de novo* review, the Court concludes that Scanlon's motion to suppress (Dkt. 385) the three pistols seized on March 22, 2016, should be denied. Therefore, the Court accepts and adopts the R&R (Dkt. 727) and

overrules Scanlon's objections (Dkt. 767). For the reasons set forth above and in the R&R, this Court denies Scanlon's motion to suppress. (Dkt. 385).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 4, 2017
    Rochester, New York